**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

COSMO LUBERTAZZO,

    Plaintiff,

  vs.              No. CIV 97-0669 JC/DJS

JAYCOR TECHNICAL SERVICES,
a foreign corporation, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Motion to Alter or Amend the

Judgment, filed June 9, 1998 (Doc. No. 71), and Defendant's Motion for Judgment as a Matter of

Law, or, Alternatively, Motion for New Trial, filed June 9, 1998 (Doc. No. 74).  The Court has

reviewed the motions, the memoranda submitted by the parties, and the relevant authorities.  The

Court finds that Plaintiff's Motion to Alter or Amend the Judgment is well taken and will be granted.

The Court further finds that Defendant's Motion for Judgment as a Matter of Law, or Alternatively,

Motion for New Trial is not well taken and will be denied.

**I.**  **Defendant's Motion for Judgment as a Matter
of Law, or Alternatively, Motion for New Trial**

Defendant moves the Court to either grant judgment as a matter of law under Federal Rule

of Civil Procedure 50 or to order a new trial under Federal Rule of Civil Procedure 59.  Defendant

contends judgment as a matter of law, or alternatively, a new trial is warranted because Plaintiff failed

to present sufficient evidence of intentional age discrimination relating to Defendant's termination of Plaintiff's employment.  Defendant also contends that jury instruction 8B and the special verdict form were erroneous.

Judgment as a matter of law is only cautiously and sparingly granted.  See Weese v. Schukman, 98 F.3d 542, 547 (10th Cir. 1996).  Judgment as a matter of law will be granted when the evidence adduced at trial "points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found."  Id.  (citing Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir.1991)).  The evidence and inferences from trial must be viewed in the light most favorable to the nonmoving party.  Id.  Judgment as a matter of law is proper only when "the evidence 'conclusively favors one party such that reasonable men could not arrive at a contrary verdict.'"  Id. (quoting Western Plains Serv. Corp. v. Ponderosa Dev. Corp., 769 F.2d 654, 656 (10th Cir. 1985)).

The standard for granting a new trial under Federal Rule of Civil Procedure 59 is slightly different than the judgment as a matter of law standard under Rule 50.  A new trial will be granted when the jury's verdict is clearly, decidedly or overwhelmingly against the weight of the evidence.  See York v. American Tel. & Tel. Co., 95 F.3d 945, 958 (10th Cir. 1996) (citing Black v. Hieb's Enters., Inc., 805 F.2d 360, 363 (10th Cir.1986)).

I find that there was sufficient evidence presented at trial to warrant the jury's determination that Mr. Lubertazzo was terminated on the basis of age.  Plaintiff showed that Jaycor's reduction-in-force ("RIF"), the proffered reason for Plaintiff's termination, could reasonably be unworthy of belief.

The evidence at trial indicated that seven of the eleven terminated employees were over the age of 55.  The evidence also showed that two-thirds of the individuals over 60 in Plaintiff's division (four individuals, including Plaintiff) were fired in the RIF.  This fact, when tied to the number of individuals in Plaintiff's division (92 as per Mr. Caffrey's testimony), is strong circumstantial evidence of an improper age motive.  Additionally, the hiring of 22 people all under the age of 55 in the year prior to the RIF, and the fact that only one of those new hires was included in the RIF, is circumstantial evidence of discrimination.

Other evidence also supports a finding that Defendant's RIF was a pretext for age discrimination:  the hiring of three individuals (including Mr. Fischer) after the RIF; the continued training and HVAC work that went on after the RIF; Mr. Lubertazzo's skill and experience as compared to those retained by Jaycor; and the fact that the financial woes predicted by Jaycor--and said to justify the RIF--never came to pass.

Having highlighted some of the evidence the jury could have relied on, I turn to Defendant's argument that Furr v. Seagate Technology, Inc., 82 F.3d 980 (10th Cir. 1996) mandates judgment as a matter of law.  In Furr, three discharged employees brought suit against their former employer after being caught in a company-wide RIF.  The employees argued that the RIF was a pretext for age discrimination by the employer.  The employees relied on several pieces of circumstantial evidence to make their case, including:  pre- and post-termination hirings, statistical evidence, and hindsight profitability of the company.  The Furr court went through each piece of evidence presented by the employees and found that the evidence was insufficient to support a finding of pretext by the jury.

Defendant argues Plaintiff's case is based on the same evidence invalidated by the Furr court. Defendant argues Furr precludes consideration of the pre- and post-termination hirings, the statistical

evidence, and the hindsight evaluation of a company's need for a RIF.  I do not accept Defendant's

argument.  The RIF in this case is distinguishable from the RIF in <u>Furr</u>.  First, the RIF in this case

was--or should have been--foreseeable at the time of Jaycor's pre-RIF hirings.  Second, some or all

of the post-RIF hirings were similarly situated to Plaintiff in this case.  Finally, the statistical evidence

presented in this case was compared to other similarly situated individuals.  Consequently, I will deny

Defendant's motions based on the sufficiency of the evidence.

Turning to jury instruction 8B and the special verdict form, I find that instruction 8B is a

correct statement of the law.  The third element of instruction 8B reads, "[t]hat Plaintiff's age was

a motivating factor in this action, that is, it was one of the reasons that prompted Defendant to take

the action."  In the paragraphs that follow the third element, "a motivating factor" is defined.  By way

of these definitional paragraphs, the jury was instructed that its "verdict should be for Defendant" if

"Plaintiff would have been laid-off regardless of his age."  Instruction 8B.[1]  Thus instruction 8B, when

read in toto, correctly states the law in the Tenth Circuit.  <u>Kirkland v. Safeway Inc.</u>, No. 97-8073,

1998 WL 439662, at *2 (10th Cir. July 10, 1998) (<u>citing</u> <u>Green v. Safeway Stores, Inc.</u>, 98 F.3d 554,

557 (10th Cir. 1996) ("To prevail on an ADEA claim, a plaintiff must prove that age was a

determining factor in the employer's decision to terminate the plaintiff.  The plaintiff need not prove

that age was the sole factor behind his termination.").

As to the special verdict form, I find that it also correctly states the law in the Tenth Circuit,

when read in conjunction with the other jury instructions.  Defendant contends the special verdict

---

[1] Note also the first sentence of the first paragraph following the third element:  "If Plaintiff has offered evidence which causes you to conclude that Defendant took the action complained of because of age, Plaintiff is entitled to recover **unless Defendant proved that it would have taken the same action concerning Plaintiff regardless of his age.**"  Instruction 8B.

form was erroneous because it states, "Do you find by a preponderance of the evidence that the age of Plaintiff was **one of the reasons** for the decision of Defendant to lay him off?"  Defendant contends this misstates the law in the Tenth Circuit by imposing a lesser standard for imposing liability.

I might agree with Defendant if the special verdict were the only language given to the jury. However, as I have previously discussed, instruction 8B defined what the jury was to find.  The language in the special verdict form tracked part of instruction 8B, and was meant to be a shorthand version of the instruction.  Taken together, instruction 8B and the special verdict form properly guided the jury.  Cf. Faulkner v. Super Valu Stores Inc., 3 F.3d 1419, 1424 (10th Cir. 1993) ("'[N]o particular form of words is essential if the instruction as a whole conveys the correct statement of the applicable law.'" (citing Perrell v. FinanceAmerica Corp., 726 F.2d 654, 656 (10th Cir.1984)).

It is also important to note that Defendant did not object to the special verdict form at trial. This motion is the first objection Defendant has raised to the special verdict form.  Additionally, at trial, Defendant indicated that the elements portion of instruction 8B--the specific portion Defendant is objecting to now--was acceptable.  Defendant's objection at trial went to the paragraphs after the elements in instruction 8B--the paragraphs defining "a motivating factor."  Consequently, a new trial would only be warranted if the special verdict form or instruction 8B were in plain error.  See Shugart v. Central Rural Electric Coop., 110, F.3d 1501, 1507 (10th Cir. 1997).  I do not find plain error in the special verdict form or instruction 8B.

## II.    Plaintiff's Motion to Alter or Amend the Judgment

Plaintiff moves to amend the Court's Judgment filed May 27, 1998 (Doc. No. 70) to include

an award for front pay damages and for the addition of prejudgment interest to the back pay damages

the jury awarded.  Defendant counters that an award of front pay damages is unsupported by the facts

adduced at trial.  Defendant also argues that amendment is improper because prejudgment interest

and front pay damages are too speculative for computation.

As previously discussed, the jury in this case found that Defendant discriminated against

Plaintiff on the basis of his age.  I find that there was sufficient factual support for such a finding.  I

also find that neither front pay damages nor prejudgment interest are too speculative.[2]

Plaintiff testified that he intended to work until he is 70, and I believe him.  I will therefore

award Plaintiff $46,552 in front pay ($38,799 in future lost salary and $7,753 in future lost pension

benefits.)[3]  This figure accounts for the discount to present value by excluding any increases in salary

and benefits Mr. Lubertazzo would have received.  I will also award prejudgment interest in the

amount of $5,489.64.[4]

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend the Judgment, filed

June 9, 1998, is **granted**.

---

[2] Defendant provided no guidance on how fair and reasonable damage figures could be computed.

[3] Defendant has made no indication that it would rehire Mr. Lubertazzo.  Additionally, Mr. Lubertazzo was forced to relocate to Maryland in the wake of his discharge from Jaycor.  Thus, reinstatement is not an appropriate remedy in this case.

[4] Calculated from the date of Mr. Lubertazzo's termination at 3% interest.  (The reduced interest rate accounts for the incremental nature of back pay awards.)

IT IS FURTHER ORDERED that Defendant's Motion for Judgment as a Matter of Law, or,

Alternatively, Motion for New Trial, filed June 9, 1998, is **denied**.

DATED this 27th day of August, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:      J. Douglas Foster
                                Kathryn D. Lucero
                                Foster•Johnson•Harris•McDonald
                                Albuquerque, New Mexico

Counsel for Defendant:      George R. McFall
                                Christopher P. Muirhead
                                Modrall, Sperling, Roehl, Harris & Sisk, P.A.
                                Albuquerque, New Mexico